UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 19-13288-BFK |
| | ) | Chapter 7 |
| Gaby A. Touma | ) | |
| Debtor | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| Susan Courtney | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 19-01123-BFK |
| | ) | |
| Gaby A. Touma | ) | |
| Defendant | ) | |
| | ) | |

**AMENDED MEMORANDUM IN SUPPORT OF
GABY A. TOUMA'S MOTION TO DISMISS**

COMES NOW the Debtor/Defendant, Gaby A. Touma, ("Touma") by and through his counsel, and states the following in support of his Motion to Dismiss:

**SUMMARY**

The Complaint must be dismissed for three reasons:

1.    The Complaint fails to state a claim for exemption to discharge pursuant to 11 U.S.C. § 523(a)(2) because Plaintiff, Susan Courtney ("Courtney") baldly asserts fraud and deceit against Touma in his individual and/or personal capacity, without any specific facts relative to Touma in support thereof. Courtney's allegations are not pled with particularity as required by Fed. R. Civ. P. 9 (b). The Complaint attempts to piggyback on claims Courtney made against GN Auto by

1

virtue of Courtney and GN Auto, LLC's ("GN Auto") contractual and statutory relationship.

2.      The Complaint fails to state a claim for exemption pursuant to 11 U.S.C. § 523(a)(4), as there is no evidence that Courtney and Touma were in a fiduciary relationship or contractual relationship. The only relationship between Courtney and GN Auto was contractual, and there was no such relationship between Courtney and Touma. Accordingly, there is no claim for fraud or defalcation while acting in a fiduciary capacity, as Courtney has not pled any facts that would support a fiduciary relationship between herself and Touma.

3.      The Complaint fails to state a claim upon which relief may be granted pursuant to 11 U.S.C. § 523(a)(6). Courtney fails to plead facts consistent with "willful and malicious injury by the debtor" against either the company, GN Auto, or Touma. The Complaint is devoid of facts in support of actual malice by Touma against Courtney that would support the non-dischargeability of debt pursuant to § 523(a)(6).

For the reasons stated herein, and those to be argued at the hearing in this matter, Courtney's Complaint to Determine Dischargeability of Debt must be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## FACTUAL BACKGROUND

Courtney  alleges that on May 28, 2016, she purchased a 2007 Jaguar XK from GN Auto. (Complaint, ¶ 15)  Based on the Buyer's Order,  the Dealership was "GN Auto of Chantilly"  and  the sales contract was signed by Alex Toledo, an

authorized representative of the dealership. (Complaint, Exhibit 3)  Courtney states that GN Auto, LLC  was the licensed Motor Vehicle Dealer (¶ 5).

Courtney  alleges several failures of GN Auto, *to wit*, advertising an 84 month warranty for the specified vehicle (¶ 13) but then selling the vehicle as is (¶ 17); failing to display a used car buyers guide on the vehicle (¶ 20); failing to timely and properly transfer title of the vehicle to Courtney and register the vehicle in Courtney's name (¶ 25), and refusing to refund Courtney's money when she cancelled the transaction (¶29-30).

Although Courtney asserts general facts that can be used to sustain an action for breach of contract against GN Auto, there are no allegations of specific conduct that give rise to an action for fraud, breach of fiduciary duty, or willful or malicious conduct against GN Auto.

As to Touma, Courtney alleges that as the dealer-operator for GN Auto, he supervised, approved, and maintained the content of GN Auto's website (¶11), and that Touma was responsible for ensuring titles to vehicles sold by GN Auto were timely registered and transferred (¶24). Further, Courtney alleges that Touma created, implemented and ratified all the polices and actions of GN Auto, (¶ 34) and that he was aware of and allowed to continue the allegedly deceptive practices described in the Complaint. (¶35-36) There are no allegations of the specific conduct of Touma that give rise to an action for fraud, breach of fiduciary duty, or willful or malicious conduct.

Courtney  makes several allegations jointly against "Touma and GN Auto," and attempts to cast facts supportive of a breach of contract claims as elements of a tort. Courtney alleges that both Touma and GN made misrepresentations with full knowledge of their falsity or in reckless disregard of the truth, (¶ 41) that GN Auto and Touma's actions were willful and wanton, (¶ 43) and that the dealer and the dealer-operator intended Courtney to rely upon the misrepresentations. (¶ 44) As a factual matter, Courtney does not allege with the required specificity the actual words of any statements of Touma, or the time or place of such statements. Courtney does not allege any facts indicating Touma's knowledge of any statements or their alleged falsity, or any facts that establish willful and wanton behavior and intent to have Courtney rely on those statements.

Courtney fails to allege any facts in support of her allegations that Touma's actions were separate and distinct from those of GN Auto's, and cites no basis for her contention that Touma is personally liable for the representations, acts and omissions of material fact made by GN Auto. (¶48).

Courtney details the history of the litigation between Courtney and GN Auto and Touma, which was based on contract claims and alleged statutory relief under the Virginia Consumer Protection Act.  The matter proceeded in arbitration "by virtue of the contract" as noted by Hon. Alfred D. Swersky in the arbitration award, (Exhibit 3)  and not with regard to any torts. Following protracted litigation in the Circuit Court of Fairfax County and the Virginia Supreme Court, Touma filed his

notice of bankruptcy on October 3, 2019, prior to the confirmation and/or entry of any arbitration award as a judgment of the Court.[1] (¶55-56)

## LEGAL STANDARD

1.    A motion to dismiss is appropriate when a complaint fails to state a cause of action upon which relief can be granted Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is made applicable to bankruptcy matters by Federal Bankruptcy Rule 7012(b).

2.    Complaints are dismissed when they fail to assert a legal theory that is recognized by the law or to allege sufficient facts to support a cognizable legal theory. *See Smile Care Dental Group v Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996).

3.    All allegations and favorable inferences that can be drawn from those allegations will be viewed in a light most favorable to the non-moving party. *Albright v. Oliver*, 510 U.S. 266, 267 (1994).

4.    Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to

---

[1] Although not specifically described in the Complaint, the substance of the refusal of the Fairfax Circuit Court to confirm the arbitration award against Touma was based on evidence that GN Auto's attorney, who has since been disbarred for his actions, failed to appear and defend Touma or GN Auto in arbitration, and thus, the arbitration award was essentially a default judgment. Touma has repeatedly under oath stated that the first he learned that he had been subject to arbitration personally was two months after the arbitration awards, on November 4, 2017.

Consistent with *TKC Aero. Inc. v. Muhs (n re Muhs)* 923 F.3d 377 (4th Cir. 2019) there is no collateral estoppel as a matter of law in the instant case because the issues are not identical, nor were the issues in the first action resolved by a final judgment on the merits. By virtue of the issues not being identical, the current action cannot be afforded collateral estoppel based on a determination that the issue was essential to the final judgment. Courtney's Complaint in the underlying matter included counts for fraud, violation of the Virginia Consumer Protection Act, and breach of warranty. Additionally, there was no final judgment, as Touma filed for bankruptcy prior to the entry of any such Order.

relief." The United States Supreme Court adopted the plausibility pleading standard in *Bell Atl. v. Twombly*, 550 U.S. 544 (2007).

5.     "To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570).

6.     The Court shall not accept that a cause of action for relief to be granted is probable based on bald allegations; the allegations must reach a level that make the cause of action plausible: "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a Defendant has acted unlawfully…Where a Complaint pleads facts that are 'merely consistent with' a Defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

7.     "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" do not state a claim and are not assumed to be true. *Id.* (internal citations and quotations omitted).

## **ARGUMENT**

### I.     **Count I Fails to State a Claim for Exemption to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(A)**

8.     11 U.S.C. § 523(a)(2)(A) states that "A discharge…does not discharge an individual debtor from any debt…for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by….false pretenses, a false representation, or actual fraud…" For the reasons stated herein, Count I fails to

state a claim upon which relief may be granted, and Count I should be dismissed with prejudice.

### a. Courtney Fails to Plead Fraud with Particularity

9.      Courtney's Count I fails to allege any supportable fact in furtherance of her claim. Count I, which consists entirely of two paragraphs, incorporates the prior paragraphs of the complaint, and restates § 523(a)(2(A), claiming that "Courtney's claims against Touma are based on Touma's false pretenses, false representations and/or actual fraud". (¶ 58)

10.     Pursuant to Red. R. Civ. P. 9 (b), made applicable to adversary proceedings by Bankruptcy Rule 7009, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." F. R. Civ. P. 9 (b).

11.     The "circumstances" required to be pled with particularity under Rule 9(b) are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Lasercomb America, Inc. v. Reynolds*, 911 F.2d 970, 980 (4th Cir. 1990). Mere allegations of "fraud by hindsight" will not satisfy the requirements of Rule 9(b). *Hillson Partners Ltd. Partnership v. Adage, Inc.,* 42 F.3d 204, 209 (4th Cir. 1994).

12.     The Rule has four purposes: first, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of…second, Rule 9(b) exists to protect defendants from frivolous

suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation. *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shiled of Georgia*, 755 F. Supp. 1055, 1056-57 (S.D. Ga. 1990) *see also Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999).

13.     Lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6). *See United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 901 (5th Cir. 1997).

14.     There are no facts in the complaint that support the legal conclusion that Touma, separate and apart from GN Auto, did anything that could be considered fraudulent. There is no recitation of the time, place, and contents of any alleged false representation or what was obtained from any alleged false representation.

15.     Courtney's bald allegations that Touma supervised and/or maintained the company website, (¶ 12) that Touma was the owner, managing officer, dealer-operator, and primary policy maker (¶33)  and various allegations that Touma and GN jointly made willful misrepresentations and/or concealments (¶¶ 39-48) are not only are conclusory in nature, but fail to describe a fraudulent representation or a fraudulent act and fail to distinguish acts of GN Auto from those of Touma.

16.     Courtney fails to meet the pleading requirements for fraud claims pursuant to Fed. R. Civ. P. 9(b). Courtney's formulaic recitation that Touma is

personally liable for the acts and omissions of GN Auto (¶48) lacks the specificity and particularity needed to form a cognizable claim.

17.     The pleading does not put Touma on notice as to the claims against him such that he may properly prepare his defense. Courtney does not explain why she contends how any representation of GN was fraudulent as opposed to merely wrong, or Touma is personally liable for the alleged misrepresentations of GN Auto, nor does she distinguish which actions in paragraphs 39-47 were allegedly done by Touma, and which were attributable to GN Auto. This is insufficient to allege the "time, place, and contents of the false representations" per *Lasercomb America, Inc. v. Reynolds*, 911 F.2d 970, 980 (4th Cir. 1990).

18.     Entirely devoid of facts in support of her legal conclusions, Courtney's Count I fails to plausibly make a claim fraud against Touma as required by Fed. R. Civ. P. 9(b). Because Courtney fails to plead a claim upon which relief may be granted,  Count I should be dismissed with prejudice.

## II.     Count II Fails to State a Claim for Exemption to Discharge Pursuant to 11 U.S.C. § 523(a)(4)

19.     11 U.S.C. § 523(a)(4) states that "A discharge…does not discharge an individual debtor from any debt…for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." For the reasons stated herein, Count II fails to state a claim upon which relief may be granted, and Count II should be dismissed with prejudice.

### a.  The Complaint fails to allege a fiduciary relationship between Touma and Courtney

20.    Courtney does not cite any authority or facts in support thereof that would constitute a fiduciary relationship between Courtney and Touma. As pled in the Complaint, Touma was the dealer-operator for the GN Auto dealership. (¶ 24) There are no assertions that Touma was the agent for Courtney, the presumed principal, or any other factual scenario that could create a fiduciary relationship.

21.    Agents are fiduciaries and owe their principals a strict duty of loyalty. *Bocek v. JGA Assocs., LLC*, 537 F. App'x 169, 176 (4th Cir. 2013). Virginia courts vigilantly police the border between tort and contract law so as to avoid turning every breach of contract into a tort. *Id*. at 177.

22.    Under Virginia law, member-managers of the LLC owe fiduciary duties to the LLC only if the operating agreement so states, but do not owe them to other members. *See* Va. Code § 13.1-1024.1; *see also WAKA, LLC v. Humphrey*, 73 Va. Cir. 310 (Fairfax County 2007).

23.    Pursuant to Va. Code § 13.1-1024.1, the only duties of a manager of an LLC is that the "manager shall discharge his or its duties as a manager in accordance with the manager's good faith business judgment of the best interests of the limited liability company." This good faith requirement is not akin to a fiduciary duty.

24.    The United States Bankruptcy Court for the Eastern District of Virginia addressed the issue of fiduciary duties among LLC members in the context of determining the non-dischargeability of debt under § 523(a)(4). *See KMK Factoring, LLC v. McKnew (In re McKnew)*, 270 B.R. 593 (Bankr. E.D. Va. 2001).

10

The Court found that there are no fiduciary obligations among and between LLC members. *Id.* at 708. The Court noted that the Virginia LLC Act allowed members to transact business with the LLC in the same way as non-members. *See* Va. Code § 13.1-1026.

25.     Touma did not even have a fiduciary duty to other members of the LLC, let alone a fiduciary relationship with a customer of GN Auto.

26.     Courtney does not allege sufficient facts to establish that Touma owed any fiduciary duties to Courtney. Courtney's allegation that [Touma] as dealer operator had a fiduciary obligation to process and complete the registration of vehicles and was required to transfer title to his customers (¶ 60) is conclusory in nature and fails to state any authority in support of this alleged fiduciary relationship. Courtney attempts to characterize a contract action between herself and GN Auto into a tort claim against Touma.

27.     Courtney pleads that she purchased a vehicle from GN Auto, and attaches the contract between herself and GN Auto. Touma did not sign the contract, rather, the authorized representative of GN Auto, Alex Toledo, executes the agreement on behalf of GN Auto. (*See* Exhibit 2)

28.     The arbitrator in the underlying case acknowledges that the parties are before him for a claim "arising out of the sale of an automobile" and in arbitration "by virtue of the contract between the parties." (*See* Exhibit 3, p.1)

29.     No facts pled to suggest Touma owes a fiduciary obligation to members of the public such as Courtney. Courtney has failed to allege the basis for claiming

Touma had a fiduciary duty to her as a prospective buyer when GN Auto had no fiduciary duty to Courtney by virtue of the contract of sale.

30. Va. Code § 1542, dealing with the temporary registration of vehicles, details the implied contractual obligations of motor vehicle dealers, including the specific process for registering a vehicle purchased from a dealer. Additionally, § 1542 details the buyer's rights if the dealer is unable to produce the certificate of title, namely that he or she shall have the right to return the vehicle. *See* Va. Code § 1542 (D). Courtney's remedy if she failed to receive good title to the vehicle was to return the vehicle. There is no remedy for Courtney in tort.

31. Additionally, Va. Code § 1542 (E) provides the repercussion for the dealer if the provisions of the section are not complied with—the Commissioner of Motor Vehicles, may suspend, after hearing, the right of the dealer to issue temporary certificates of registration. *See* Va. Code § 1542 (E). The Code does not create an agent-principal relationship between a dealer and a customer, nor a private cause of action for a wronged customer.

32. No duties are created by contract or statute between employees or members of a dealer and a customer.

33. Because Courtney has not pled a valid fiduciary relationship between herself and Touma, her claim for "fraud and defalcation while acting in a fiduciary relationship" fails as a matter of law. Count II should be dismissed with prejudice.

### b. Courtney fails to plead facts sufficient to support her claim of defalcation while acting in a fiduciary capacity

34.     Defalcation is defined as a failure to account for money or property
that have been entrusted to another. *In re Twitchell*, 72 B.R. 431 (Bkrptcy D. Utah
1987). The term is often used to describe a broad variety of misfeasance. *See In re
Weaver,* 41 B.R. 649 (Bkrptcy W.D. Okla. 1984).

35.     In her Complaint, Courtney also alleges that…Touma's failure to
register a vehicle sold by his dealership and his failure to transfer title of a vehicle
sold by his dealership, and [sic] are a defalcation while acting in a fiduciary
capacity. (¶ 61)

36.     Courtney fails entirely to pled what "money or property" of hers  has
been entrusted to Touma or what "money or property" of hers for which Touma has
failed to account. As discussed *supra*, Touma had no fiduciary relationship with
Courtney. Courtney provides no basis for her legal conclusion that a failure to
register a vehicle is a defalcation.

37.     Courtney's pleading is insufficient to satisfy the pleading requirements
under *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Courtney's claim does not contain
specific facts or omissions by Touma such that he could admit or deny each
allegation:  "[L]abels and conclusions," "a formulaic recitation of the elements of a
cause of action," and "naked assertions devoid of further factual enhancement" do
not state a claim and are not assumed to be true. *Id*.

38.     Courtney's pleading is deficient under Fed. R. Civ. Pro. 8 (a)(2),
requiring a "short and plain statement of the claim showing that the pleader is

entitled to relief". There are no facts upon which Courtney's conclusions of law are based. Count II should be dismissed with prejudice.

### c.  Even if Touma had a fiduciary duty to Courtney, Courtney's claims are time-barred

39.     Even if this Court should find Touma was in a fiduciary relationship with Courtney, her claims for breach of fiduciary duty are time-barred. A claim for breach of fiduciary duty is not a claim of fraud, and the statutory period of limitations of actions accrued upon the breach, not the discovery of the breach. *Schonfeld v. Toll Bros., Inc.*, 51 Va. Cir. 134 (Fairfax County 1999).

40.     Va. Code § 8.01-248 states that "every personal action…for which no limitation period is otherwise prescribed, shall be brought within two years after the right to bring such action has accrued. Va. Code § 8.01-230 proves that the accrual of a right of action begins to run from the date the injury is sustained and not when the damage is discovered.

41.     Courtney alleges she bought a vehicle from GN Auto on May 28, 2016 (¶ 15). She has not, in any prior litigation, advanced a claim against Touma for breach of fiduciary duty. As such, Courtney had until May 28, 2018 to bring a claim of breach of fiduciary duty against Touma. Because this Complaint was filed on December 20, 2019, Courtney's claim is time-barred.

### III.  Count III Fails to State a Claim for Exemption to Discharge Pursuant to 11 U.S.C. § 523(a)(6)

42.     11 U.S.C. § 523(a)(6) states that "A discharge…does not discharge an individual debtor from any debt…for willful and malicious injury by the debtor to

another entity or to the property of another entity." For the reasons stated herein, Count III fails to state a claim upon which relief may be granted, and Count III should be dismissed with prejudice.

### a. Courtney's Claims Do Not Meet The Malice Pleading Standard

43.    The Supreme Court has held that § 523(a)(6) requires "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).

44.    Likewise, the Fourth Circuit has held that a creditor challenging dischargeability under § 523(a)(6) must prove that the debtor had an "inten[t] to injure." *In re Duncan*, 448 F.3d 725, 730 (4th Cir. 2006). In a proceeding involving § 523(a)(6), 'willful and malicious' conduct requires a finding of a specific intent to injure. *TKC Aero. Inc. v. Muhs (In re Muhs),* 923 F.3d 377, 384 (4th Cir. 2019).

45.    Courtney's only allegations regarding Touma's intent are ¶ 42 "Courtney [sic] and GN Auto made the above-described misrepresentations, concealment and commissions of material facts with the intent to mislead Courtney," that the actions were willful, wanton, and with reckless disregard to their truth and Courtney's rights (¶ 43)

46.    Such allegations do not identify any "misrepresentation" by Touma, nor do they identify any facts supporting the mere conclusion of the intent to mislead. See, *Iqbal*. Nor do such allegations meet the pleading standard for malice as described in *Kawaauhau* and its progeny. Taken in the light most favorable to Courtney, at best it can be inferred that Touma without owing any duty to Courtney

15

intended to represent that the vehicle had an 84 month warranty and that Touma, as dealer-operator, and without any duty to Courtney, intentionally did not place the used car sticker in the window as required by law, and that Touma, without any duty to Courtney, did not intend to properly transfer the title to Courtney. These allegations do not amount to a deliberate intent, on the part of Touma specifically, to injure Courtney.

47.     Additionally, Courtney's allegations of malice do not rise to the level required under Virginia law. Courtney must plead pursuant to an actual malice standard, or malice in-fact, *to wit*, that Touma was so reckless or negligent as to evince a conscious disregard to Courtney's rights; that is, whether Touma, contrary to an established duty, acted wantonly, oppressively, or with such malice as to evince a spirit of mischief or criminal indifference to civil obligations. *Jordan v. Sauve*, 219 Va. 448 (1978).

48.     Courtney cannot establish any duty owned by Touma to Courtney and cannot attribute any action to Touma, separate and apart from GN Auto's actions as the dealer, that would meet the "spirit of mischief or criminal indifference" standard such that would confer non-dischargeability of any claim against Touma. Courtney's claim under § 523(a)(6) must be dismissed.

### b. Courtney Attempts To Pierce GN Auto's Limited Liability Company Veil Without Claiming A Basis To Do So

49.     Courtney's claim pursuant to § 523(a)(6) fails as a matter of law because Courtney fails to plead factual allegations against Touma in his individual

and personal capacity, apart from any actions on behalf of GN Auto, that give rise to a claim of malice.

50.     Courtney's Count III, consists entirely of incorporating the previous paragraphs of the Complaint and states that "Courtney's claims against Touma arise from Touma's willful and malicious actions, and are thus a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(6)." (¶63)

51.     In her recitation of facts, Courtney alleges "Touma was aware of the deceptive practices described herein" (¶ 35) and that Touma and GN Auto, jointly, made a series of misrepresentations that they knew were false or with reckless disregard of the truth. (¶ 41) Courtney also alleges that the misrepresentations "were committed by Touma and GN willfully, wantonly and with reckless disregard to their truth and to Courtney's rights." (¶ 43)

52.     Other than baldly assert that "Touma is personally liable for the representations, acts and omissions of material fact made by GN Auto," (¶ 48) there are no facts or allegations of specific actions Touma took that would give rise to a claim for willful and malicious action under § 523(a)(6).

53.     For example, there are no allegations that Touma ever spoke to Courtney, promised her anything, signed the contract on behalf of GN Auto, or had anything whatsoever to do with the Courtney transaction. There are no allegations that GN Auto was the alter-ego for Touma, that there was a failure to follow limited liability company formalities, or any other allegation that would confer personal liability on Touma for the acts of GN Auto.

54.    Courtney attempts to transfer GN Auto's alleged liability to Touma without any basis for such transfer. Essentially, Courtney is attempting to pierce the limited liability company veil without meeting the pleading standard for such a claim.

55.    Like a corporation, a limited liability company shields its members from personal liability for actions taken by the limited liability company. *Gowin v. Granite Depot, LLC*, 272 Va. 246, 255 (2006). In Virginia, a limited liability company is a legal entity separate and distinct from its members. Thus, when a plaintiff has a claim against a limited liability company, the plaintiff may only pursue that claim against the limited liability company itself and not its members. *In re White*, 412 B.R. 860, 864-865.

56.    Under Virginia law, the immunity of members who compose a legal entity is a basic provision of statutory and common law and supports a vital economic policy underlying the whole corporate concept. *Cheatle v. Rudd's Swimming Pool Supply Co., Inc.*, 234 Va. 207, 212 (1987).

57.    Virginia treats piercing the veil of traditional corporations and other limited liability entities in the same manner. *See CF Trust, Inc. v First Flight Ltd. P'Ship*, 266 Va. 3, 9 (2003); *A.G. Dillard, Inc. v. Stonehaus Constr., LLC*, 2016 Va. Unpub. LEXIS 16.

58.    Although there is no single rule or criterion that can be applied to determine whether piercing the limited liability company's veil is justified, "it is generally understood that "one who seeks to disregard the [limited liability] entity

must show that the [member] sought to be held personally liable has controlled or used the [limited liability company] to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage." *O'Hazza v. Executive Credit Corp.*, 246 Va. 111, 115 (1993); *see also Van Buren v. Earl Ronald Poston  Old Meadow, LLC*, 97 Va. Cir. 229 (2017). The same general principles that apply to corporations…apply to limited liability companies. *See Mid Atl. Eng'g Tech. Servs. V. Miller Hardman Designs, LLC*, 86 Va. Cir. 337, 339 (2013).

59.     Here, there are no allegations that Touma was attempting to hide behind GN Auto while personally perpetrating fraud or somehow evading his personal obligations. Rather, Courtney is attempting to attribute the alleged bad business practices of GN Auto to Touma, on the sole basis that Touma was GN Auto's dealer-operator. Such baseless allegations, without any specific supporting facts regarding Touma's actions, are insufficient to make a plausible claim against Touma pursuant to § 523(a)(6).

60.     Courtney fails to allege willful and malicious actions against Touma to satisfy the pleading requirement, and she fails in her attempt to confer GN Auto's alleged liability to Touma. Count III should be dismissed with prejudice.

### c.  Even if  Courtney had  a Claim for Willful and Malicious Conduct, Courtney's claims are time-barred

61.     Even if this Court should find Courtney makes a plausible claim for willful and malicious conduct against Courtney, these claims are time-barred.

62.     Va. Code § 8.01-248 states that "every personal action…for which no limitation period is otherwise prescribed, shall be brought within two years after

the right to bring such action has accrued. Va. Code § 8.01-230 proves that the accrual of a right of action begins to run from the date the injury is sustained and not when the damage is discovered.

63.     Courtney alleges she bought a vehicle from GN Auto on May 28, 2016 (¶ 15). She has not, in any prior litigation, advanced a claim against Touma for willful and malicious injury that was specifically plead and separate and apart from any alleged liability of the dealer, GN Auto. As such, Courtney had until May 28, 2018 to bring a claim regarding any alleged specific willful and malicious actions against Touma. Because this Complaint was filed on December 20, 2019, Courtney's claim is time-barred.

## **CONCLUSION**

Neither Counts I, II, or III state a claim upon which relief may be granted and the Complaint fails as a matter of law. There are no facts pled sufficient to make a claim for fraud, defalcation in a fiduciary capacity, and/or actual malice. Touma is entitled to judgment in his favor, and discharge of his debt as brought against him by Courtney.

WHEREFORE, for the reasons stated above, and for any that may be argued at the hearing on this matter, the Debtor/Defendant, Gaby A. Touma, respectfully requests this Honorable Court GRANT the Motion to Dismiss, award him attorney fees and costs pursuant to Rule 7054, and any other such relief that this Court deems just and proper.

Respectfully Submitted,

GABY A. TOUMA
By Counsel

WESTLAKE LEGAL GROUP

    /s/ Jacqueline A. Kramer
Thomas K. Plofchan, Jr., VSB # 34536
Jacqueline A. Kramer, VSB # 88877
46175 Westlake Drive, Suite 320
Potomac Falls, Virginia 20165
(703) 406-7616 – Telephone
(703) 444-9498 – Facsimile
tplofchan@westlakelegal.com
jkramer@westlakelegal.com
*Counsel for Debtor/Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 23nd day of January, 2020 I served a copy of the foregoing Amended Memorandum in Support of Gaby A. Touma's Motion to Dismiss upon the following via the CM/ECF system to:

> Thomas R. Breeden, Esq.
> Thomas R. Breeden, PC
> 10326 Lomond Drive
> Manassas, VA 20109
> (703) 361-9277
> trb@breedenlaw.com
> *Attorney for Plaintiff*
>
> Janet M. Meiburger
> The Meiburger Law Firm, P.C.
> 1493 Chain Bridge Road, Suite 201
> McLean, VA 22101-5726
> trustee@meiburgerlaw.com
> *Trustee*

        /s/ Jacqueline A. Kramer
        Jacqueline A. Kramer